Paul Den Beste
P. O. Box 536
El Verano, California 95433
(707) 894 3781

**FILED**

AUG 3 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Plaintiff in Propria Persona.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE, | ) Case Number: 2 10-CV-2334 JAM KJN |
| Plaintiff, | ) |
| | ) SUIT FOR VIOLATIONS OF THE FAIR |
| | ) DEBT COLLECTION PRACTICES ACT |
| v | ) ( 15 U S C 1692 et. seq. ) |
| | ) |
| | ) |
| JUDGMENT ENFORCEMENT USA, Inc., | ) DEMAND FOR JURY TRIAL |
| Defendant | ) |

**Statement of The Case**

1. The following will demonstrate defendant knowingly violated numerous provisions of the Federal Fair Debt Collection Practices Act.

**The Parties**

2. Paul Den Beste is the Plaintiff in this action. Mail to P. O. Box 536, El Verano, CA 95433.

**Defendant**

3. Defendant is a suspended California Corporation with agent for service of process listed as 2216 16th Street, Sacramento, California 95818.

Fair Debt Collection Practices Act Suit

1

## Jurisdiction

4. Because defendant continues to violate various provisions of the Fair Debt Collection Practices Act, with a violation occurring December 14, 2009, plaintiff invokes jurisdiction pursuant to Title 15 USC 1692k(d).

## Request to Amend

5. Plaintiff herein requests if the District Court does not feel the pleadings herein comport with standards securing jurisdiction in this court, Plaintiff be so advised of the deficiency and given the opportunity to amend.

## Facts of The Case

6. This is an action for violation of the Fair Debt Collection Practices Act, Title 15 USC 1692 et. seq.

7. Defendant JUDGMENT ENFORCEMENT USA, Inc. is a suspended California Corporation. ( See Exhibit A, true and correct copy of certified copy of document produced by the California Secretary of State indicating Defendant was suspended by the California Secretary of State on May 14, 2010 and by the California Franchise Tax Board on September 1, 2010. )

8. As a suspended California Corporation, defendant cannot prosecute or defend an action, nor appeal from an adverse judgment in an action. See California Revenue & Taxation Code, 23301, 23302. See also *Boyle v. Lakeview Creamery Company,* 9 Cal.2d 16 [ 68 P2d 968 ]; *Ocean Park etc. Co. v, Pacific Auto Park Co.,* 37 Cal. App. 2d 158 [ 98 P. 2d 1068]; Baker v. Ferrel. 78 Cal. App. 2d 578 [ 177 P. 2d 973]; *Fidelity Metals Corporation v. Risley,* 77 Cal. App. 2d [ 175 P. 2d 592].

9. On March 20, 2009 defendant provided written notice to plaintiff it is a collection agency

Fair Debt Collection Practices Act Suit

2

which accepted the assignment of an alleged debt to be collected from plaintiff.

10. Defendant's March 20, 2009 notice to plaintiff contained partial notice required by Title 15 USC 1692g which includes subsection (a) (4) regarding plaintiff's right to demand validation of the alleged debt within thirty (30) days of the March 20, 2009 notice.[1]

11. The March 20, 2009 partial notice did not contain Title 15 USC 1692g subsection (d) stating debt collections must cease pending a resolution of Title 15 USC 1692g (a) (4) demand for validation of the debt.

12. Eleven (11) days later, on March 31, 2009, plaintiff provided defendant written validation demand and objection to the debt.

13. As of date of preparation this lawsuit, August 30, 2010, defendant has consistently failed to validate the alleged debt.

14. As of date of preparation of this lawsuit, August 30, 2010, defendant continues to pursue debt collection activities against defendant in violation of Title 15 USC 1692g (d).

15. Defendant's debt collection activities include liens it recorded in Sonoma County California and Lake County California.

16. The liens defendant recorded slandered various of plaintiff's real estate holdings and his credit, the latter being exceptional before the slander.

17. Because the unwarranted credit slander impacted plaintiff's ability to conduct business

---

[1] Congress enacted the validation notice requirements of the Fair Debt Collection Practices Act to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect invalid debts. See S. Rep. No. 383, 95th Congress, 1st Session 4, reprinted in 1977, U. S. Code Congress and Administration News 1695, 1699. See also *Geer v. Shapiro & Kreisman* ( ED PA 2001) 152 Supp.2d 679, 683 - "1692 debt validation provisions "were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law".

Fair Debt Collection Practices Act Suit

3

and personal affairs, on February 4, 2009 plaintiff presented defendant with a claim of $10,000.00 per day for every day the liens recorded in violation of provisions of Title 15 USA 1692 et. seq. remain in effect.

18. As of date of preparation of this lawsuit, August 30, 2010, defendant has not removed the liens it recorded in violation of provisions of Title 15 USC 1692 et. seq.

19. Although plaintiff now and at all relevant times resided in the judicial district of Sonoma County California, on December 14, 2009 defendant commenced debt collection against plaintiff in the California judicial district of San Diego County, California.

20. Defendants San Diego County debt collection activities resulted in the San Diego County Sheriff levying approximately $256.00 from plaintiff's Chase Bank account which plaintiff opened and maintained in the Chase Bank branch located in Cloverdale, California, which is in the judicial district of Sonoma County, California, the county in which plaintiff resides.

21. Federal cases hold defendant going to a judicial district in a county other than where plaintiff resides to effectuate collection of an alleged debt is a violation of Title 15 USC 1692i. ( Enforcement actions must be brought in the judicial district (Sonoma County) where the debtor resides. Attempting to enforce an alleged judgment in a judicial district other than in the County where the debtor resides is a violation of and barred by the Federal Fair Debt Collection Practices Act. See *Fox v. Citicorp Credit Services, Inc.* (9th Cir 1994) 15 F3d 1507, 1515; *Harrington v. CACV of Colorado, LLD,* 508 F.Supp.2d 128, 133-134; *Blakemore v. Pekay* 895 F.Supp. 972, 982-983. )

22. Defendant's actions are unfair practices within the meaning and various provisions of Title 15 USC 1692f et. seq.

Fair Debt Collection Practices Act Suit

4

**Prayer for Relief**

23. As stated in previous paragraph 17, plaintiff demanded $10,000.00 per day since the date of February 4, 2009 which calculates to the August 30, 2010 preparation date of this lawsuit to be 570 days x $10,000.00 = $5,700,000.00.

24. For emotional pain and suffering, $1,000,000.00.

25. As punitive damages for such brazen overt violations of the Fair Debt Collection Practices Act, $3,000,000.00

26. For a total judgment in the amount of $9,700,000.00.

I declare under penalty of perjury the foregoing is true and correct.

Executed on August 30, 2010 in Sonoma County in the State of California.

Paul Den Beste

Fair Debt Collection Practices Act Suit

5



# State of California
## Secretary of State

CERTIFICATE OF STATUS

ENTITY NAME:

JUDGMENT ENFORCEMENT USA, INC.

FILE NUMBER:      C2927274
FORMATION DATE:   09/19/2006
TYPE:             DOMESTIC CORPORATION
JURISDICTION:     CALIFORNIA
STATUS:           SUSPENDED

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the Secretary of State suspended the entity's powers, rights and privileges on May 28, 2009, pursuant to the provisions of the California Corporations Code; the California Franchise Tax Board suspended the entity's powers, rights and privileges on September 01, 2009, pursuant to the provisions of the California Revenue and Taxation Code; and the entity's powers, rights and privileges remain suspended.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of August 16, 2010.

**DEBRA BOWEN**
**Secretary of State**

NP-25 (REV 1/2007)                                    OSP 06 99731  HSD