IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

    Plaintiff,                            No. 2:10-cv-02334 JAM KJN PS

    v.

JUDGMENT ENFORCEMENT USA, INC.,

    Defendant.                      ORDER TO SHOW CAUSE

/

         Plaintiff, who is proceeding without counsel, filed his complaint in this action on August 30, 2010.[1] As previously scheduled and noticed, the undersigned conducted a Status (Pretrial Scheduling) Conference ("Scheduling Conference") in this case on March 3, 2011, at 10:00 a.m., in Courtroom 25. (Minute Order, Jan. 21, 2011, Dkt. No. 7; see also Order Setting Status Conf. at 2, Dkt. No. 3.) In violation of the court's Order Setting Status Conference, plaintiff and defendant failed to file status reports in advance of the Scheduling Conference. (Order Setting Status Conf. at 2 (stating that "[n]ot later than seven days prior to the Status Conference, the parties shall file status reports" (footnote omitted).) On March 3, 2011, the

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

undersigned called this matter during the civil law and motion calendar, and none of the parties or their counsel appeared.

It was not unexpected that defendant failed to file a status report or appear at the Status Conference. First, defendant has not responded to plaintiff's complaint, and plaintiff has obtained a clerk's entry of default against defendant. (Clerk's Cert. of Entry of Def., Dkt. No. 6.) Additionally, defendant is alleged to be, and appears to be, a California corporation with a "suspended" status conferred by the California Secretary of State's office and the California Franchise Tax Board. (Compl. ¶ 7, Dkt. No. 1.) This "suspended" status limits defendant's ability to appear to defend itself in court.[2]

However, and more immediately troubling, is plaintiff's unexplained failures to file a status report and appear at the Scheduling Conference. Had plaintiff appeared as ordered, the court would have instructed plaintiff that the only way for his case to proceed without an appearance by defendant is for plaintiff to file a properly noticed motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and this court's Local Rules. Plaintiff's failure to appear precluded this discussion.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall show cause in writing, *on or before March 17, 2011*, why he failed to: (1) file a status report in advance of the

---

[2] Pursuant to Federal Rule of Civil Procedure 17(b), a corporation's capacity to sue and be sued is determined "by the law under which it was organized." See Fed. R. Civ. P. 17(b)(2). Under California law, which applies here, a suspended corporation may be sued. See Cal. Civ. Proc Code § 416.10, 416.20; see also Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306, 87 Cal. Rptr. 2d 358, 362-63 (Ct. App. 1999) ("A suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended."); Gibble v. Car-Lene Research, Inc., 67 Cal. App. 4th 295, 302, 78 Cal. Rptr. 2d 892, 896 (Ct. App. 1998) ("[W]e conclude that a domestic corporation that has been 'suspended' by the Secretary of State for failure to file appropriate tax returns, and has no designated agent for service of process, but continues to operate as an ongoing business during the period of suspension, may be validly served pursuant to section 416.10."). However, "[d]uring the period that a corporation is suspended for failure to pay taxes, it may not prosecute or defend an action." Grell, 73 Cal. App. 4th 1306, 87 Cal. Rptr. 2d at 36 (citing Reed v. Norman, 48 Cal.2d 338, 343, 309 P.2d 809 (Cal. 1957)); accord Flores v. Emerich & Fike, 385 Fed. Appx. 728, 731 (9th Cir. 2010).

Status (Pretrial Scheduling) Conference conducted on March 3, 2011; and (2) appear at the Status (Pretrial Scheduling) Conference conducted on March 3, 2011.

Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets

////

1 | and may impose sanctions including dismissal).

2 |         IT IS SO ORDERED.

3 | DATED: March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE