IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

        Plaintiff,                    No. 2:10-cv-02334 JAM KJN PS

        v.

JUDGMENT ENFORCEMENT USA, INC.,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff, who is proceeding without counsel, filed his complaint in this action on August 30, 2010. On December 29, 2010, the Clerk of Court entered defendant's default. On March 3, 2011, the undersigned conducted a Status (Pretrial Scheduling) Conference ("Scheduling Conference") in this case, but neither of the parties filed a status report or appeared at the Status Conference.

        On March 4, 2011, the undersigned entered an Order to Show Cause ("OSC") requiring plaintiff to explain "why he failed to: (1) file a status report in advance of the Status (Pretrial Scheduling) Conference conducted on March 3, 2011; and (2) appear at the Status (Pretrial Scheduling) Conference conducted on March 3, 2011." (Order, Mar. 4, 2011, Dkt. No. 9.) On March 17, 2011, plaintiff filed a timely response to the OSC, explaining that he had filed

1  a Chapter 13 bankruptcy petition after the commencement of this case, that the Chapter 13
2  petition had been converted into a Chapter 7 petition, and that plaintiff had presumed that the
3  bankruptcy trustee would have pursued plaintiff's claim as an asset of the bankruptcy estate.
4  (See Response to OSC, Mar. 17, 2011, Dkt. No. 10.)  Plaintiff's response to the OSC constitutes
5  the first notice of the bankruptcy proceedings provided by plaintiff to this court.

6       On March 25, 2011, plaintiff filed a Request to Enter Default Judgment pursuant
7  to Federal Rule of Civil Procedure 55(b)(1), requesting that the Clerk of Court enter a default
8  judgment in the amount of $9.7 million dollars.  The undersigned denies that motion without
9  prejudice and requires plaintiff to explain to the court why he, and not the Chapter 7 bankruptcy
10 trustee, has standing to pursue the claim at issue, which plaintiff notes is an asset of the
11 bankruptcy estate.  (See Response to OSC at 2.)  As a general matter, a pre-petition action
12 becomes the property of the bankruptcy estate as of the filing of the petition, and the trustee is the
13 party with standing to pursue the petitioner's claim.  See 11 U.S.C. § 541(a)(1); see also Sierra
14 Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 708-09 (9th Cir. 1986); Lopez v.
15 Specialty Restaurants Corp. (In re Lopez), 283 B.R. 22, 28 (9th Cir. B.A.P. 2002); Manlangit v.
16 Nat'l City Mortgage, No. CIV. 2:10-1225 WBS DAD, 2010 WL 2044687, at *1 (E.D. Cal. May
17 20, 2010) (unpublished) (stating that "a bankruptcy petitioner loses standing for any causes of
18 action and the estate becomes the only real party in interest unless the bankruptcy trustee
19 abandons the claims").

20       For the reasons stated above, IT IS HEREBY ORDERED that:
21       1.   The OSC entered on March 4, 2011, is discharged.
22       2.   Plaintiff's Request to Enter Default Judgment (Dkt. No. 11) is denied
23 without prejudice.
24 ////
25 ////
26 ////

3. Plaintiff shall show cause in writing, *on or before April 15, 2011*, why he has standing to pursue the claim against defendant, which plaintiff concedes is part of the bankruptcy estate.

IT IS SO ORDERED.

DATED: March 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE