IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

      Plaintiff,                    No. 2:10-cv-02334 JAM KJN PS

      v.

JUDGMENT ENFORCEMENT USA, INC.,

      Defendant.               ORDER TO SHOW CAUSE

_____/

        On December 29, 2010, the Clerk of Court entered defendant's default. (Clerk's Cert. of Entry of Def., Dkt. No. 6.) The court has since denied two motions for default judgment filed by plaintiff because a Chapter 7 bankruptcy trustee, and not plaintiff, has standing to pursue the claim at issue in this action.[1] (See Order, Mar. 29, 2011, Dkt. No. 14; Order, Apr. 7, 2011, Dkt. No. 17.) Plaintiff agrees that such is the case. (See Response to the Court's Mar. 29, 2011 Order at 2-3, Dkt. No. 19.) Plaintiff identified the Chapter 7 trustee as Jeffry Locke of Novato, California. (Pl.'s Decl. ¶ 5, Dkt. No. 18.)

        In an order entered May 26, 2011, the court ordered the following: (1) "Plaintiff

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

shall promptly notify the Chapter 7 bankruptcy trustee, Jeffry Locke, of this action and serve a copy of [the May 26, 2011] on Mr. Locke"; and (2) "[w]ithin seven days of plaintiff's compliance with [the May 26, 2011] order, he shall file a written notice with the court confirming such compliance." (Order, May 26, 2011, Dkt. No. 20.) Neither plaintiff nor Mr. Locke has filed anything with the court in response to the court's May 26, 2011 order.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that

district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than April 27, 2012, why this case should not be dismissed for plaintiff's failure to comply with the court's order.

2. Plaintiff's failure to file the required writing shall constitute an additional ground for, *and plaintiff's consent to*, the involuntarily dismissal of plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3