IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

        Plaintiff,                    No. 2:10-cv-02334 JAM KJN PS

        v.

JUDGMENT ENFORCEMENT USA, INC.,

        Defendant.                <u>ORDER</u>

_____/

On December 29, 2010, the Clerk of Court entered defendant's default.[1] (Clerk's Cert. of Entry of Def., Dkt. No. 6.)  The court has since denied two motions for default judgment filed by plaintiff because a Chapter 7 bankruptcy trustee,[2] and not plaintiff, has standing to pursue the claim at issue in this action.  (<u>See</u> Order, Mar. 29, 2011, Dkt. No. 14; Order, Apr. 7, 2011, Dkt. No. 17.)  Plaintiff agrees that he lacks standing to pursue the underlying claim.  (<u>See</u> Response to the Court's Mar. 29, 2011 Order at 2-3, Dkt. No. 19.)  Plaintiff identified the

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The relevant bankruptcy case is <u>In re: Paul R. Denbeste & Melody B Denbeste</u>, No. 10-13558 (N.D. Cal. Bankr.).

1

Chapter 7 trustee as Jeffry Locke of Novato, California. (Pl.'s Decl. ¶ 5, Dkt. No. 18.)

In an order entered May 26, 2011, the court ordered the following: (1) "Plaintiff shall promptly notify the Chapter 7 bankruptcy trustee, Jeffry Locke, of this action and serve a copy of [the May 26, 2011] on Mr. Locke"; and (2) "[w]ithin seven days of plaintiff's compliance with [the May 26, 2011] order, he shall file a written notice with the court confirming such compliance." (Order, May 26, 2011, Dkt. No. 20.) Neither plaintiff nor Mr. Locke filed anything with the court in response to the court's May 26, 2011 order.

In light of the lack of activity in this case, the court ordered plaintiff to show cause "why this case should not be dismissed for plaintiff's failure to comply with the court's order." (Order to Show Cause ("OSC"), Apr. 10, 2012, Dkt. No. 21.) Plaintiff filed a timely response to the OSC (Dkt. No. 22). Plaintiff explains that he filed the court's May 26, 2011 order and other relevant documents in the bankruptcy case, which resulted in service on Locke. (Response to OSC at 2 & Ex. 1.) The court's independent review of the bankruptcy court's docket confirmed that plaintiff indeed filed the court's May 26, 2011 order and other documents on June 17, 2011. (In re Beste, No. 10-13558, Dkt. No. 86 (N.D. Bankr.).) Accordingly, Locke has had notice of this case, and the court's desire to determine whether Locke intends to pursue plaintiff's claims, since at least June 17, 2011.

In light of plaintiff's response, the court discharges the April 10, 2012 OSC as to plaintiff. The court orders Locke to file a response to this order that, in essence, explains Locke's intentions vis-a-vis plaintiff's claim in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's OSC filed on April 10, 2012, is discharged as to plaintiff.

2. On or before August 3, 2012, trustee Jeffry Locke shall respond to this order in writing and explain: (1) why he has not appeared in this case despite having had notice of this case since approximately June 17, 2011; (2) whether he intends to pursue plaintiff's claim in this court or otherwise resolve the claim through the bankruptcy proceedings.

3. The Clerk of Court is directed to mail this order to Jeffry Locke and his counsel at the following addresses:

>Jeffry Locke
>530 Alameda Del Prado #396
>Novato, CA 94949
>
>Johnson C.W. Lee
>Stromsheim & Associates
>201 California Street, #350
>San Francisco, CA 94111

IT IS SO ORDERED.

DATED: July 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE