IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

    Plaintiff,

    v.

JUDGMENT ENFORCEMENT USA, INC.,

    Defendant.

                                  /

No. 2:10-cv-02334 JAM KJN PS

FINDINGS AND RECOMMENDATIONS

On December 29, 2010, the Clerk of Court entered defendant's default.[1] (Clerk's Cert. of Entry of Def., Dkt. No. 6.) The court thereafter denied two motions for default judgment filed by plaintiff because the Chapter 7 bankruptcy trustee,[2] Jeffry G. Locke, and not plaintiff, has standing to pursue the claim at issue in this action. (See Order, Mar. 29, 2011, Dkt. No. 14; Order, Apr. 7, 2011, Dkt. No. 17.) Plaintiff agrees that he lacks standing to pursue the underlying claim. (See Response to the Court's Mar. 29, 2011 Order at 2-3, Dkt. No. 19.)

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The relevant bankruptcy case is In re: Paul R. Denbeste & Melody B. Denbeste, No. 10-13558 (N.D. Cal. Bankr.).

1

1   For a prolonged period of time, the court was unable to determine Locke's
2   intentions in regards to plaintiff's claim.  Accordingly, the court ordered Locke to advise the
3   court "whether he intends to pursue plaintiff's claim in this court or otherwise resolve the claim
4   through the bankruptcy proceedings." (See Order, July 9, 2012, at 2, Dkt. No. 23.)  Locke
5   responded to the court's order, explaining that it is not in the best interest of the bankruptcy
6   estate to pursue plaintiff's claims in this court given the extra expense to be incurred by litigating
7   plaintiff's claim in two courts.  (See Locke's Response at 1, 3, Dkt. No. 24).  Thus, Locke
8   requests that the court dismiss this case without prejudice to Locke pursuing any underlying
9   claim in the bankruptcy case.  (Id. at 3 (stating that "[t]o the extent the Trustee succeeded to any
10  causes of action held by the Debtor at the time the bankruptcy case was filed, the Trustee
11  believes that such claims may be asserted against the Defendant as counterclaims to its proof of
12  claim, and resolved through the bankruptcy process").)  In light of Locke's response to the
13  court's order, the undersigned recommends that this case be dismissed without prejudice.

14  Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed
15  without prejudice to the Chapter 7 trustee pursuing plaintiff's claim, if at all, in the bankruptcy
16  case.

17  These findings and recommendations are submitted to the United States District
18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
19  days after being served with these findings and recommendations, any party may file written
20  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
21  Such a document should be captioned "Objections to Magistrate Judge's Findings and
22  Recommendations."  Any response to the objections shall be filed with the court and served on
23  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
24  ////
25  ////
26  ////

1  Failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
3  1153, 1156-57 (9th Cir. 1991).
4             IT IS SO RECOMMENDED.
5  DATED:  July 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE