IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL DEN BESTE,

        Plaintiff,                    No. 2:10-cv-02334 JAM KJN PS

     v.

JUDGMENT ENFORCEMENT USA, INC.,

        Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

       On December 29, 2010, the Clerk of Court entered defendant's default.[1] (Clerk's Cert. of Entry of Def., Dkt. No. 6.)  The court thereafter denied two motions for default judgment filed by plaintiff because the Chapter 7 bankruptcy trustee,[2] Jeffry G. Locke, and not plaintiff, has standing to pursue the claim at issue in this action. (See Order, Mar. 29, 2011, Dkt. No. 14; Order, Apr. 7, 2011, Dkt. No. 17.)  Plaintiff agrees that he lacks standing to pursue the underlying claim. (See Response to the Court's Mar. 29, 2011 Order at 2-3, Dkt. No. 19.)

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The relevant bankruptcy case is In re: Paul R. Denbeste & Melody B. Denbeste, No. 10-13558 (N.D. Cal. Bankr.).

1

For a prolonged period of time, the court was unable to determine Locke's intentions in regards to plaintiff's claim. Accordingly, the court ordered Locke to advise the court "whether he intends to pursue plaintiff's claim in this court or otherwise resolve the claim through the bankruptcy proceedings." (See Order, July 9, 2012, at 2, Dkt. No. 23.) Locke responded to the court's order, explaining that it is not in the best interest of the bankruptcy estate to pursue plaintiff's claims in this court given the extra expense to be incurred by litigating plaintiff's claim in two courts. (See Locke's Response at 1, 3, Dkt. No. 24). Thus, Locke requests that the court dismiss this case without prejudice to Locke pursuing any underlying claim in the bankruptcy case. (Id. at 3 (stating that "[t]o the extent the Trustee succeeded to any causes of action held by the Debtor at the time the bankruptcy case was filed, the Trustee believes that such claims may be asserted against the Defendant as counterclaims to its proof of claim, and resolved through the bankruptcy process").) In light of Locke's response to the court's order, the undersigned recommends that this case be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice to the Chapter 7 trustee pursuing plaintiff's claim, if at all, in the bankruptcy case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

////

////

////

1 Failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d
3 1153, 1156-57 (9th Cir. 1991).

4         IT IS SO RECOMMENDED.

5 DATED:  July 17, 2012

                                      */s/ Kendall J. Newman*
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE